**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**Grand Rapids Division**

In re:                                                      Bankr. Case No.:  14-05945-swd

THOMAS S. MEEKER,                          Chapter 13

            Debtor.                                      Honorable Scott W. Dales

_____/

THOMAS S. MEEKER,                          Adv. Proc. No.:  21-80044-swd

            Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,
LOAN SCIENCE, LLC,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2 and
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1,

            Defendants.

_____/

**NAVIENT SOLUTIONS, LLC'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF STUDENT LOAN INDEBTEDNESS PURSUANT TO 11 U.S.C. §523(a)(8)**

Navient Solutions, LLC ("Navient"), formerly known as Navient Solutions, Inc., on

behalf of itself and named defendant, Navient Solutions, Inc., by and through its undersigned

counsel, hereby provides its Answer to the allegations of Plaintiff, Thomas S. Meeker

("Plaintiff")'s, Amended Complaint to Determine Dischargeability of Student Loans

Indebtedness Pursuant to 11 U.S.C. §523(A)(8) ("Complaint"), and states as follows:

**Jurisdiction and Venue**

        1. – 4.  Admitted.

**Parties**

5.        Admitted.

6.        Denied as stated.  By way of further response, Navient Solutions, Inc. changed its name and corporate structure to Navient Solutions, LLC effective January 31, 2017.

7. – 12.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

**Legal History**

13. – 40.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

**Factual History**

41. – 49.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

50.        It is admitted only that Plaintiff is indebted to Navient, as primary / student borrower, pursuant to the applicable terms of twelve (12) educational loans with a combined balance totaling approximately $235,222.45 as of the date of the filing of this adversary proceeding.  In addition, the Plaintiff is indebted to Navient as a coborrower for another student borrower, pursuant to the applicable terms of one additional educational loan, with a balance totaling approximately $14,144.98 as of the date of the filing of this adversary proceeding.

51. – 52.  Denied as stated.  By way of further response, at least five (5), and perhaps more, of Plaintiff's loans owed to Navient were certified by his educational institution(s), and were disbursed to his educational institution(s), not directly to him.

**Governing Law**

53.    This paragraph of Plaintiff's Complaint is a statement of statutory law, to which no answer is required.  The statute speaks for itself.

54. – 56.  These paragraphs of Plaintiff's Complaint are conclusions of law, to which no answers are required, but in an abundance of caution, are denied.

57. – 59.  These paragraphs of Plaintiff's Complaint are not related to Plaintiff's claims against Navient, and as such, Navient provides no response.

60. – 62.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

63.    This paragraph of Plaintiff's Complaint is a conclusion of law, to which no answer is required, but in an abundance of caution, is denied.

64. – 66.  These paragraphs of Plaintiff's Complaint are not related to Plaintiff's claims against Navient, and as such, Navient provides no response.

67. – 68.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

69.    This paragraph of Plaintiff's Complaint is a statement of statutory law, to which no answer is required.  The statute speaks for itself.

70.    Admitted.

71.    No response.

72. – 75.  These paragraphs of Plaintiff's Complaint are conclusions of law, to which no answers are required, but in an abundance of caution, are denied.  Alternatively, these paragraphs of Plaintiff's Complaint are statements of statutory law, to which no answers are required.

76. – 77.  At this time, Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, therefore, denies same.

78. – 79.  These paragraphs of Plaintiff's Complaint are conclusions of law, to which no answers are required, but in an abundance of caution, are denied.  Alternatively, these paragraphs of Plaintiff's Complaint are statements of statutory law, to which no answers are required.

80. – 82.  At this time, Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, therefore, denies same.

83. – 84.  These paragraphs of Plaintiff's Complaint are conclusions of law, to which no answers are required, but in an abundance of caution, are denied.  Alternatively, these paragraphs of Plaintiff's Complaint are statements of statutory law, to which no answers are required.

85.  At this time, Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraphs of Plaintiff's Complaint and, therefore, denies same.

86. – 88.  These paragraphs of Plaintiff's Complaint are conclusions of law, to which no answers are required, but in an abundance of caution, are denied.  Alternatively, these paragraphs of Plaintiff's Complaint are statements of statutory law, to which no answers are required.

89.     Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

90.     This paragraph of Plaintiff's Complaint is a conclusion of law, to which no answer is required, but in an abundance of caution, is denied.

91. – 93.  These paragraphs of Plaintiff's Complaint are not related to Plaintiff's claims against Navient, and as such, Navient provides no response.

**Factual History Continued**

94. – 101.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

102.     It is admitted that Plaintiff filed a voluntary Chapter 13 bankruptcy petition on September 11, 2014.

103.     Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

104.     It is admitted only that Navient did not object to the Plaintiff's Chapter 13 Plan.

105. – 111.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

**Undue Hardship**

112.     Admitted.

113. – 114.  These paragraphs of Plaintiff's Complaint are statements of applicable law, to which no answers are required, and are reserved for the court's determination.

115. – 116.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

117.  This paragraph of Plaintiff's Complaint is a conclusion of law, to which no answer is required, but in an abundance of caution, is denied.

118. – 120.  These paragraphs of Plaintiff's Complaint are statements of applicable law, to which no answers are required, and are reserved for the court's determination.

121.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.  By way of further response, this paragraph of Plaintiff's Complaint is a conclusion of law, to which no answer is required, but in an abundance of caution, is denied.

122. – 124.  These paragraphs of Plaintiff's Complaint are statements of applicable law, to which no answers are required, and are reserved for the court's determination.

125. – 131.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within these paragraphs of Plaintiff's Complaint and, in an abundance of caution, denies same.

132.  Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.  By way of further response, this paragraph of Plaintiff's Complaint is a conclusion of law, to which no answer is required, but in an abundance of caution, is denied.

//

**Causes of Action**

133. – 134.  These paragraphs of Plaintiff's Complaint are requests for relief, to which no answers are required, but in an abundance of caution, are denied.

WHEREFORE, Navient Solutions, LLC respectfully requests judgment in its favor and against Plaintiff and such other relief as is just and equitable.

Respectfully submitted,

By:     _/s/ Steven J. Cohen_
Steven J. Cohen P45140
Lipson Neilson P.C.
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI  48302
Telephone:  (248) 593-5000
Fax:  (248) 593-5040
Email: SCohen@lipsonneilson.com
Attorneys for Navient Solutions, LLC

Dated: May 27, 2021

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**Grand Rapids Division**

In re:                                                           Bankr. Case No.:  14-05945-swd

THOMAS S. MEEKER,                                 Chapter 13

                            Debtor.                             Honorable Scott W. Dales

_____/

THOMAS S. MEEKER,                                 Adv. Proc. No.:  21-80044-swd

                   Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,
LOAN SCIENCE, LLC,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1,
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2 and
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1,

                   Defendants.

_____/

## CERTIFICATE OF SERVICE

        I, the undersigned, do hereby certify that I am more than 18 years of age and not a party
to the matter concerning which service was accomplished.  I further certify that on the 27th
day of May, 2021, a true and correct copy of Navient Solutions, LLC's Answer to Plaintiff's
Amended Complaint to Determine Dischargeability of Student Loan Indebtedness was served
upon the following parties electronically through the court's CM/ECF system:

Jeffrey D. Mapes, attorney for Plaintiff, at jeff@mapesdebt.com

                                        By:      */s/ Steven J. Cohen*
                                                 Steven J. Cohen P45140
                                                 Lipson Neilson P.C.
                                                 3910 Telegraph Road, Suite 200
                                                 Bloomfield Hills, MI  48302
                                                 Telephone:  (248) 593-5000
                                                 Fax:  (248) 593-5040
                                                 Email: SCohen@lipsonneilson.com
                                                 Attorneys for Navient Solutions, LLC