UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS SCOTT MEEKER,

        Debtor.
_____/

Case No. 14-05945-SWD
Hon. Scott W. Dales
Chapter 13

THOMAS SCOTT MEEKER,

        Plaintiff,

v.

NAVIENT SOLUTIONS, INC., LOAN SCIENCE, LLC, TURNSTILE CAPITAL MANAGEMENT, LLC, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1,

        Defendants.
_____/

Adversary Pro. No. 21-80044

PRETRIAL ORDER

    PRESENT:    HONORABLE SCOTT W. DALES
                         Chief United States Bankruptcy Judge

A pretrial conference in the above proceeding took place in Grand Rapids, Michigan, on October 26, 2021. Appearing at the pretrial conference were:

    Jeffrey D. Mapes, Esq., attorney for Plaintiff;
    Deborah Lujan, Esq., attorney for National Collegiate Student Loan Trust Defendants;
    Jeffrey VanHattum, Esq., attorney for Navient Solutions, Inc.;
    Loan Science, LLC and Turnstile Capital Management, LLC did not appear.

The court and the parties discussed the usual subjects of a Rule 16 conference including alternative dispute resolution, the state of the pleadings, issues and defenses,

discovery, and pretrial deadlines.  At the conclusion of the hearing the court stated that it would memorialize the pretrial conference in a pretrial order.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

Jurisdiction/Core and Non-Core Findings

The court has jurisdiction under 28 U.S.C. § 1334 and also appears to have authority to resolve the dispute as a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) (exceptions to discharge).

The Plaintiff and appearing defendants have expressly consented to entry of a final order or judgment by a United States Bankruptcy Judge, notwithstanding possible limits on a non-life-tenured judge's authority under the Supreme Court's opinion in in *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011), in their joint pretrial statement. *See Wellness Int'l Network, Ltd., et al. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932 (2015).

Jury Trial

Neither party has timely demanded a trial by jury.  Subject to any constitutional limitations on the bankruptcy court's authority noted above, the court will conduct all proceedings and enter a final judgment after trial, settlement, or appropriate motion.

Alternative Dispute Resolution

The court encourages the parties to pursue alternative dispute resolution ("ADR"), such as facilitative mediation.  The parties agreed to consider ADR, albeit after some limited discovery.  The court is agreeable to adjusting the deadlines prescribed in this Pretrial Order to accommodate the parties' pursuit of ADR.

Plaintiff's Allegations and Defendants' Responses

Plaintiff filed an amended complaint to determine the dischargeability of student loans indebtedness pursuant to 11 U.S.C. § 523(a)(8) on May 10, 2021.  He requests that a number of his loans be determined to be neither non-dischargeable student loans/ educational loans and should be discharged; for other loans, he requests that the remaining loans be discharged under the "*Brunner* test" as adopted in our circuit.  *Oyler v. Educ. Credit Mgmt. Corp.* (*In re Oyler*), 397 F3d 382 (6th Cir. 2005).  In order to finance his education, Plaintiff obtained several federally guaranteed student loans totaling $119,536.00.  The current balance of these loans is approximately $95,506.50.  In addition to his federal student loans, Plaintiff borrowed a total of $184,200.57 in a total of twenty private student loans.  The outstanding balance on the loans is now approximately $364,867.16.

Plaintiff alleges that the 20 private loans are not educational benefit overpayments or loans made, insured, or guaranteed by a governmental unit, or made under any program

funded in whole or in part by a governmental unit or nonprofit institution, within meaning of § 523(a)(8)(A)(i). These loans, according to Plaintiff, are not obligations to repay funds received as an educational benefit, scholarship, or stipend. Accordingly, he alleges that the loans are not "qualified education loans" as defined in 26 U.S.C. § 221(d)(1).

With respect to these and his federal loans, he asks the court to declare them dischargeable as imposing an undue hardship under *Bruner* and § 523(a)(8), alleging serious mental health problems.

Issues

Although this proceeding raises numerous issues, the principal issues to be decided include the following:

1. The locus of the burden of proof under § 523(a)(8);
2. Whether the private loans qualify for the exception to discharge under § 523(a)(8) as "qualified education loans" as defined in 26 U.S.C. § 221(d)(1); and
3. Whether or to what extent would requiring repayment of the loans at issue in this proceeding impose an undue hardship on the Plaintiff (or his dependents).

Pleadings

The pleadings are now in order. Neither party may file an amended pleading without a stipulation by the other party (or parties) or court order. Parties shall, if appropriate, file responses to amended pleadings within the time prescribed by Fed. R. Civ. P. 15(a)(3).

Discovery

Discovery in this proceeding shall be completed by **Monday, January 03, 2022** (the "Cutoff Date"). The parties shall propound any discovery requests in time to permit the other party to respond, or otherwise permit completion of responses (e.g., by giving deposition testimony, answering interrogatories, responding to requests to admit etc.) before the Cutoff Date, keeping in mind the timeframes for responses prescribed in the applicable rules. For purposes of Rule 30(b)(1), "reasonable written notice" shall mean written notice served not fewer than 20 days before the proposed deposition, unless the court orders otherwise. The court intends to include requests for admission under Fed. R. Civ. P. 36 within this paragraph though such requests may not technically qualify as discovery.

The parties' discovery plan set forth in the report of the Rule 26(f) conference is incorporated into this Pretrial Order, except as otherwise provided herein.

Any motion regarding discovery shall be timely only if filed at least 14 days before the Cutoff Date.

Dispositive Motions

Dispositive motions, including motions under Rule 56, may assist the court in promptly resolving this dispute. Any dispositive motion shall be filed and served on or before **Tuesday, February 01, 2022**.  Except as otherwise ordered by the court, any response to a dispositive motion will be timely only if filed and served within 14 days after the motion is filed.  The court will not permit a reply, except for cause shown, prior to filing the reply.  In addition, the court may rule on such motions without oral argument if, in the court's opinion, oral argument is not necessary.  The parties should draft their motion papers with this possibility in mind.

Subsequent Pretrial Conference Date

A subsequent pretrial conference will be held on **Friday, March 11, 2022** at 11:00 AM in Grand Rapids (One Division Ave. N., Grand Rapids, MI).  The court notes, however, that it may adjourn the subsequent pretrial conference if dispositive motions are pending at that time.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeffrey D. Mapes, Esq., Deborah Lujan, Esq., Jeffrey VanHattum, Esq., Loan Science, LLC, and Turnstile Capital Management, LLC.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 28, 2021**



Scott W. Dales
United States Bankruptcy Judge